[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16534
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00061-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR WOODS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 13, 2009)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

In 1998 Arthur Woods was convicted of conspiring to possess crack cocaine

with intent to distribute it and possession of crack cocaine with intent to distribute it, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The PSI found that he was accountable for 27.25 ounces (772 grams) of crack cocaine, and his base offense level was 36. After a two-level increase for possession of a firearm, Woods' total offense level was 38, and he was assigned a criminal history category of III. His guideline range was 292 to 365 months imprisonment.

The district court adopted the PSI and sentenced Woods to 330 months imprisonment on each count, running concurrently. The court stated that it had sentenced Woods "at the mid-range of the guidelines due to the seriousness of the offense in connection with the age of the defendant," which was twenty-two at the time of judgment. The court concluded that "[t]he sentence imposed addresses the seriousness of the offense and meets the sentencing objectives of punishment, deterrence, and incapacitation."

In 2008 Woods filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the sentencing guidelines, which was made retroactive by Amendment 713. He requested the opportunity "to address any and all § 3553(a) factors either in writing or at a hearing." The district court issued an order finding that Woods' sentence should be reduced. The court noted that the original 330 month sentence, which had been imposed by a different

2

district judge, was in the middle of the guidelines range. The court found that Woods' new guidelines range was 235 to 293 months, stated that it had reviewed the § 3553(a) factors, and said it would impose a similar mid-range sentence of 264 months unless either party filed a written objection.

The government did not object, but Woods did. He contended that he should have a chance to address the § 3553(a) factors because the court did not specify which factors it had reviewed. Woods asked the court to allow him to review the sentencing transcript and to address the § 3553(a) factors "in writing or at a hearing." Alternatively, he asked the court to sentence him at the low end of the new guidelines range.

The district court denied Woods' request for a hearing; however, it extended the time for filing additional written objections so that Woods could review the sentencing transcript. After the allotted time had run, the court entered an order stating that no further objections had been filed. The court again observed that it had reviewed all of the relevant factors, including the ones set forth in § 3553(a), and it reduced Woods' sentence to 264 months as it had proposed in its earlier order.

Woods filed a motion to vacate, asserting that he had not received notice of the court's order granting him more time to file additional objections. The court

3

granted Woods' motion to vacate and gave him extra time. In his objections Woods asserted that: (1) an unconstitutional disparity still existed in sentencing even after the amendment to the crack cocaine guidelines; (2) Woods was denied due process because the court did not hold a hearing; (3) the proposed new sentence did not consider all the factors under § 3553(a); (4) the proposed new sentence gave unwarranted weight to the reasoning of the original sentencing judge, who imposed the sentence under mandatory guidelines; and (5) the new sentence would perpetuate the unconstitutional mandatory guideline scheme. The district court entered an order stating that it had reviewed Woods' objections and had considered the § 3553(a) factors, and it reduced Woods' sentence from 330 months to 264 months. Woods appeals that judgment.

Woods contends that the district court's refusal to hold a hearing was a violation of his due process rights because the judge who ruled on his § 3582(c)(2) motion was not the same one who originally sentenced him. Woods also contends that under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), as interpreted in Gall v. United States, 552 U.S. ___, 128 S. Ct. 586 (2007), the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors or to explain why it reduced his sentence to 264 months imprisonment.

We review de novo questions of constitutional law. United States v. Brown,

4

364 F.3d 1266, 1268 (11th Cir. 2004). However, "the decision whether or not to grant an evidentiary hearing generally is committed to the discretion of the district court." United States v. Yesil, 991 F.2d 1527, 1531 (11th Cir. 1992).

Woods' § 3582(c)(2) resentencing did not require a hearing. Nothing in § 3582(c)(2) requires a hearing, and Woods' presence was not required. Fed. R. Crim. P. 43(b)(4) (providing that there is no need for a defendant to be present at a proceeding involving a reduction in his sentence under § 3582(c)(2)). We have explained that "[a] proceeding under § 3582(c)(2) is not a full resentencing hearing." United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir. 2009). Furthermore, "there is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing," United States v. Webb, No. 08-13405, 2009 WL 973214, *4 (11th Cir. April 13, 2009), and by the same reasoning, due process does not mandate a hearing on a § 3582(c)(2) motion.

Nothing in the rules governing proceedings under § 3582(c)(2) requires a different result when the resentencing judge is different from the original sentencing judge.[1] Neither the original sentencing judge nor the resentencing

---

[1] In analyzing whether a district court provided enough detail about the § 3553(a) factors when it denied resentencing under § 3582(c)(2), we have taken into account "that same district court judge who sentenced Defendant originally was the one who declined to resentence him." United States v. Eggersdorf, 126 F.3d 1318, 1323 (11th Cir. 1997). Eggersdorf did not focus on the identity of the sentencing and resentencing judges in order to determine whether a hearing should have been held or whether the factors were adequately considered in granting a sentence reduction. See id.

judge could have made new factual determinations because in a § 3582(c) proceeding "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Woods does not contend that the resentencing judge incorrectly calculated the new guideline range.

Although the district court was not required to hold a hearing for Woods' resentencing, it was required to consider the § 3553(a) factors to determine the extent of the sentence reduction that would be granted.[2] Id. ("After recalculating the guidelines, the district court next must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the

_____

[2] We have explained:

The § 3553(a) factors that must be considered by the district court in ruling on a defendant's § 3582(c)(2) motion to reduce his sentence include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims.

United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998).

defendant's sentence is warranted and the extent of any such reduction."). However, the district court does not have to "articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." Id. (quotation marks omitted).

Woods asked the court for the opportunity to address the factors "in writing or at a hearing." The district court gave Woods extra time to review the sentencing transcript and to present his arguments about the § 3553(a) factors. Woods filed written objections to the district court's order, which had proposed a reduction of Woods' sentence to 264 months. The district court stated that it considered Woods' objections and the § 3553(a) factors, and it found 264 months to be appropriate. That is enough.

Woods' Booker argument also fails because Booker does not apply at resentencing proceedings under § 3582(c)(2) . See United States v. Melvin, 556 F.3d 1190, 1192–93 (11th Cir. 2009).

**AFFIRMED.**